# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# STATESVILLE DIVISION

**FILED**
STATESVILLE, N.C.

NOV 1 7 2016

U.S. District Court
Western District of N.C.

Michael J. Garvey }
c/o 330 Walter Godbey Road }
West Jefferson, NC 28694 }
}
    Consumer [Plaintiff] }
}
vs. }   Case Number: 5:16CV209-RLV
}
SETERUS, INC. }
14523 SW MILLIKAN WAY }
SUITE 200 }
BEAVERTON, OR 97005 }
c/o CHIEF EXECUTIVE OFFICER }
<u>Serve On:</u>  RESIDENT AGENT }
CT CORPORATION SYSTEM }
160 MINE LAKE COURT, SUITE 200 }
RALEIGH, NC 27615 }
}
SUBSTITUTE TRUSTEES SERVICES. INC. }
201 S. MCPHERSON CHURCH ROAD }
SUITE 232 }
FAYETTEVILLE, NC 28303 }
<u>Serve On:</u> }
L. W. BLAKE, RESIDENT AGENT }
201 S. MCPHERSON CHURCH ROAD }
SUITE 232 }
FAYETTEVILLE, NC 28303 }
}
HUTCHENS LAW FIRM }
4317 RAMSEY STREET }
FAYETTEVILLE, NC 28311 }
<u>Serve On:</u> }
H. TERRY HUTCHENS, RESIDENT AGENT }
4317 RAMSEY STREET }
FAYETTEVILLE, NC 28311 }
}
LACEY M. MOORE }
CHRISTOPHER T. SALYER }

| | |
|---|---|
| SHIANN SCHMIDT | } |
| HUTCHENS LAW FIRM | |
| 4317 RAMSEY STREET | } |
| FAYETTEVILLE, NC 28311 | |
| <u>Serve On:</u> | } |
| H. TERRY HUTCHENS, RESIDENT AGENT | |
| HUTCHENS LAW FIRM | } |
| 4317 RAMSEY STREET | |
| FAYETTEVILLE, NC 28311 | } |
| | |
| SHAPIRO & INGLE, LLP | } |
| 10130 PERIMETER PARKWAY, SUITE 400 | |
| CHARLOTTE, NC 28216 | } |
| <u>Serve On:</u> RESIDENT AGENT | |
| CT CORPORATION SYSTEM | } |
| 160 MINE LAKE COURT, SUITE 200 | |
| RALEIGH, NC 27615 | } |
| | |
| MICHAEL JAY EMREY | } |
| KYLE STEWART | |
| SHAPIRO & INGLE, LLP | } |
| 10130 PERIMETER PARKWAY, SUITE 400 | |
| CHARLOTTE, NC 28216 | } |
| <u>Serve On:</u> RESIDENT AGENT | |
| CT CORPORATION SYSTEM | } |
| 160 MINE LAKE COURT, SUITE 200 | |
| RALEIGH, NC 27615 | } |
| | |
| Defendants | } |
| | |
| | } |

## <u>VERIFIED CLAIM FOR VIOLATIONS OF THE FAIR DEBT COLLECTIONS PRACTICES ACT (FDCPA)</u>

Michael J. Garvey, the Consumer, a man, files this Verified Claim under 28 U.S.C. § 1331 and for violations of the Fair Debt Collections Practices Act (hereafter "FDCPA") 15 U.S.C. § 1692 *et seq*. The FDCPA is a strict liability statute and is not up for interpretation. Congress created the statute to be clear and plain on its face, and was written for the least

sophisticated Consumer to understand. Congress also intended the Act to be "primarily self-enforcing," in that consumers who have been subjected to collection abuses will be enforcing compliance," S. Rep. No. 95-382, at 5 (1977).

## JURISDICTION

This Court has jurisdiction pursuant to 28 U.S.C. § 1331 and 15 U.S.C. § 1692 *et seq*. The Consumer, Michael J. Garvey, is invoking the jurisdiction of Article III, and the federal protections of the FDCPA, Consumer Finance Protection Bureau (hereafter "CFPB"), and the U.S. Constitution. Jurisdiction is conferred on this court by 15 U.S.C. §1692k(d), which grants this United States District Court jurisdiction to hear this claim without regard to the amount in controversy.

The Court has subject matter jurisdiction over the FDCPA under 1692k. The subject is debt collection. This Court also has jurisdiction over the Defendants as they are debt collectors as defined in 15 U.S.C. § 1692a(6) attempting to collect a debt as defined in § 1692a(5). This Court only has jurisdiction over the debt collectors and debt collection, as these illegal acts were committed in this court's district. The Consumer and Creditor, Michael J. Garvey, as defined in 15 U.S.C. § 1692a(3) and 1692(4), enjoys jurisdiction and authority under Article III, Section 2 of the Constitution for the United States of America and has standing to bring this action.

## PRELIMINARY STATEMENT

1. This action arrives out of the illegal conduct and behavior of the Defendants engaging in collection activities defined in 15 U.S.C. § 1692a(6).
2. The Consumer disputed the alleged debt and requested verification and validation which the debt collectors refused to do.

3. The Defendants continue to pursue debt collection activities although being properly noticed pursuant to 15 U.S.C. 1692c(c) to cease and desist.

4. The law governing this Verified Claim is the FDCPA 15 U.S.C. § 1692.

5. The language to be used in this case is the Plain Writing Act of 2010 - which has been enacted by Congress through Executive Order 13563.

6. The Consumer is a least sophisticated Consumer and does not understand legalese, so plain English should be used in all written and oral communication.

7. Any communications that contain legalese, and are not written in plain English, will be intentionally confusing, abusive, profane, obscene and harassing to the Consumer, in violation of 1692d(2), and will be assessed at an additional $2,000 per occurrence and added to this Verified Claim.

8. Any response or communication to this Consumer, from any debt collector in the form of pleadings or otherwise, must be verified under oath and penalty of perjury. **There will be no exceptions.**

## PARTIES

9. The Consumer, Michael J. Garvey (hereafter "Consumer"), is defined in 15 U.S.C. § 1692a(3) and the Consumer is also a Creditor in this Verified Claim as defined in the FDCPA in 15 U.S.C. §1692a(4). The alleged debt is defined in 15 U.S.C. § 1692a(5).

10. The Debt Collector/Defendant SETERUS INC. (hereafter "SETERUS ") is a debt collector as defined in the FDCPA in 15 U.S.C. § 1692a(6);

11. The Debt Collector/Defendant SUBSTITUTE TRUSTEE SERVICES, INC. (hereafter "STSI") is a debt collector as defined in the FDCPA in 15 U.S.C. § 1692a(6).

12. The Debt Collector/Defendant HUTCHENS LAW FIRM (hereafter "HUTCHENS LAW FIRM") is a for-profit law firm located in North Carolina that is also a debt collector as defined in the FDCPA in 15 U.S.C. § 1692a(6);

   a) The Debt Collector/Defendant LACEY M. MOORE (hereafter "HUTCHENS DEBT COLLECTOR, LACEY M. MOORE") is an attorney with the HUTCHENS LAW FIRM. The Defendant, LACEY M. MOORE, is also a "debt collector" as defined in the FDCPA in 15 U.S.C. § 1692a(6);

   b) The Debt Collector/Defendant CHRISTOPHER T. SALYER (hereafter "HUTCHENS DEBT COLLECTOR, CHRISTOPHER T. SALYER") is an attorney with the HUTCHENS LAW FIRM. The Defendant, CHRISTOPER T. SLAYER, is also a "debt collector" as defined in the FDCPA in 15 U.S.C. § 1692a(6); and

   c) The Debt Collector/Defendant SHIANN SCHMIDT (hereafter "HUTCHENS DEBT COLLECTOR, SHIANN SCHMIDT") is an attorney with the HUTCHENS LAW FIRM. The Defendant, SHIANN SCHMIDT, is also a "debt collector" as defined in the FDCPA in 15 U.S.C. § 1692a(6).

13. The Debt Collector/Defendant SHAPIRO & INGLE, LLP (hereafter "SHAPIRO & INGLE") is a for-profit law firm located in North Carolina that is also a debt collector as defined in the FDCPA in 15 U.S.C. § 1692a(6);

   a) The Debt Collector/Defendant MICHAEL JAY EMREY (hereafter "SHAPIRO & INGLE DEBT COLLECTOR, MICHAEL JAY EMREY") is an attorney with SHAPIRO & INGLE, LLP. MICHAEL JAY EMREY is also a "debt collector" as defined in the FDCPA in 15 U.S.C. § 1692a(6); and

b) The Debt Collector/Defendant KYLE STEWART (hereafter "SHAPIRO & INGLE DEBT COLLECTOR, KYLE STEWART") is an attorney with SHAPIRO & INGLE, LLP. KYLE STEWART is also a "debt collector" as defined in the FDCPA in 15 U.S.C. § 1692a(6).

14. At all times relevant, each defendant acted as a debt collector within the meaning of 15 U.S.C. § 1692a(6) in that they held themselves out to be collecting a consumer's debt allegedly owed another.

## **DEFENDANTS' VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT**

15. This Verified Claim is about the Defendants/Debt Collectors' illegal debt collection actions and violations of the FDCPA. The Defendants/Debt Collectors continued to collect an alleged debt without providing verified evidence they had a legal right to do so which is a violation of 15 U.S.C. 1692g.

16. At all times relevant to this action, the Defendants/Debt Collectors acquired whatever data they have in their possession from a third party.

17. The Defendants/Debt Collectors have used that data in its illegal acts and conduct of collecting an **unverified** alleged debt from the Consumer. The data that the Defendants/Debt Collectors have used in their illegal debt collection activities was obtained by the Defendants/Debt Collectors for an alleged debt that was allegedly in default.

18. The Defendants/Debt Collectors have injured and harmed the Consumer with their willful and continuous illegal, deceptive and criminal violations of federal law in their attempt to collect an alleged debt they erroneously labeled a foreclosure in a foreign state tribunal foreclosure action.

19. The property at issue is personal, private property of the Consumer which was obtained for personal, family, and household use – not for commercial trade or business.

20. The Defendants/Debt Collectors are attempting to collect an alleged debt on behalf of another, and they used instrumentalities of interstate commerce, and the mail to communicate with the Consumer. They are debt collectors as defined under 1692a(6), and they are subject to the laws of the FDCPA.

21. The Consumer, Michael J. Garvey, brings this Verified Claim before the court because of the Defendants/Debt Collectors' refusal to verify and validate the alleged debt they are attempting to collect upon, and for taking actions that strictly prohibit debt collectors from engaging in abusive, deceptive, and unfair practices.

22. The communication the Consumer received from the Debt Collector, SETERUS dated April 20, 2015 clearly stated that the communication was from a debt collector, and they were attempting to collect a debt **(see ANNEX A).**

23. At no time prior to the April 20, 2015 initial communication from the Debt Collector, SETERUS did the Consumer ever give his consent for them to contact him, which is a violation of 15 U.S.C. § 1692c(a).

24. On May 17, 2015, the Consumer sent the Debt Collector, SETERUS, a Notice of Dispute pursuant to the FDCPA 15 U.S.C. 1692g disputing the alleged debt and requesting SETERUS to cease collection of the debt until they obtain verification and validation of the alleged debt **(see ANNEX B).**

25. The Consumer never received verification nor validation from the Debt Collector, SETERUS for the alleged debt they are attempting to collect which is a violation of 15 U.S.C. 1692g(b).

26. On August 3, 2012, the Debt Collector, STSI by and through its attorney Debt Collector, CHRISTOPHER T. SALYER, filed in the General Court of Justice, County of Ashe, Case No.: 12-SP-98 a foreclosure action (see ANNEX C); which is a violation of 15 U.S.C 1692f(6) taking or threatening to take any non-judicial action to dispossess or disable the Consumer of his personal, private property when the debt collectors did not have a lawful right to do so.

27. On August 3, 2012, the Debt Collector, STSI by and through its attorney, Debt Collector, CHRISTOPHER T. SALYER, also filed in the General Court of Justice, Case No: 12-SP-98 a Notice of Foreclosure Sale (see **ANNEX D**).

28. In the Notice of Foreclosure Sale (**ANNEX D**) it stated "THIS IS A COMMUNICATION FROM A DEBT COLLECTOR. THE PURPOSE OF THIS COMMUNICATION IS TO COLLECT A DEBT AND ANY INFORMATION OBTAINED WILL BE USED FOR THAT PURPOSE..."

29. The Consumer never received any documentation from the alleged Lender/Creditor that authorized the Debt Collectors, STSI to sell his personal private property.

30. In August 2016, the Consumer received an Amended Notice of Foreclosure Sale from the Debt Collector, STSI, by and through its attorney, Debt Collector, SHIANN SCHMIDT (see **ANNEX E).**

31. In the Amended Notice of Foreclosure Sale (**ANNEX E**) it also stated "THIS IS A COMMUNICATION FROM A DEBT COLLECTOR. THE PURPOSE OF THIS COMMUNICATION IS TO COLLECT A DEBT AND ANY INFORMATION OBTAINED WILL BE USED FOR THAT PURPOSE..."

32. At no time prior to the initial communication from the Debt Collectors STSI, CHRISTOPHER T. SALYER, or SHIANN SCHMIDT did the Consumer ever give his consent to contact him, which is another violation of 15 U.S.C. § 1692c(a).

33. On August 26, 2016, the Consumer was forced to file a Chapter 13 Bankruptcy in the United States Bankruptcy Court for the Western District of North Carolina, Case No.: 16-50518 in order to stop the August 30, 2016 illegal Substitute Trustee Sale of the Consumer's personal private property.

34. On September 2, 2016, the Consumer initiated an administrative procedure process and sent the Debt Collectors, SETERUS, STSI, AND HUTCHENS LAW FIRM a "DEMAND NOTICE TO CEASE AND DESIST ALL COLLECTION ACTIVITIES ON THE PROPERTY KNOWN AS – 330 WALTER GODBEY ROAD, WEST JEFFERSON, NC 28694 UNTIL VERIFICATION AND VALIDATION OF THE ALLEGED DEBT PURSUANT TO THE FAIR DEBT COLLECTION PRACTICES ACT (FDCPA). See **ANNEX F**

35. In the September 2, 2016 Notices, the Consumer demanded the Debt Collectors, SETERUS, STSI, AND HUTCHENS LAW FIRM to provide within 10 days verification of the alleged debt that was filed in the General Court of Justice, County of Ashe, Case No.: 12-SP-98.

VERIFIED CLAIM FOR VIOLATIONS OF THE FDCPA

Page 9 of 18

Case 5:16-cv-00209-RLV Document 1 Filed 11/17/16 Page 9 of 18

36. The Notices also stated "So that there is no misunderstanding, below is the definition for the words "verify" and "verification" that your company is to adhere to:

    The term "verify" is defined in Black's Law Dictionary 6th Edition as follows:

    "To confirm or substantiate by oath or affidavit. Particularly used of making formal oath to accounts, petitions, pleadings, and other papers." The word "verified," when used in a statute, ordinarily imports a verity attested by the sanctity of an oath…"

    The term "verification" is defined in Black's Law Dictionary 6th Edition as:

    "Confirmation of correctness, truth, or authenticity, by affidavit, oath, or deposition. Affidavit of truth of matter states an object of verification is to assure good faith in averments or statements of party…""

37. The Consumer never received **verification and validation sworn to under oath** from the Debt Collectors, SETERUS, STSI nor the HUTCHENS LAW FIRM for the alleged debt filed in the General Court of Justice, County of Ashe, Case No.: 12-SP-98.

38. On September 9, 2016, the Debt Collectors SHAPIRO & INGLE and MICHAEL JAY EMREY filed their appearance into the Consumer's United States Bankruptcy Proceeding, Case No.: 16-50518 **(see ANNEX G)**.

39. On September 16, 2016, the Consumer sent Debt Collectors SHAPIRO & INGLE and MICHAEL JAY EMREY a "DEMAND NOTICE TO CEASE AND DESIST ALL COLLECTION ACTIVITIES UNTIL VERIFICATION AND VALIDATION OF THE ALLEGED DEBT PURSUANT TO THE FAIR DEBT COLLECTION PRACTICES ACT (FDCPA). See **ANNEX H**

40. The Consumer never received **verification and validation sworn to under oath** from the Debt Collectors, SHAPIRO & INGLE nor MICHAEL JAY EMREY for the alleged debt they alleged was owed to their client, SETERUS, INC.

41. On October 7, 2016, the Debt Collector, KYLE STEWART filed an Objection of Confirmation and Notice for a hearing into the Consumer's United States Bankruptcy Court Case No.: 16-50518 (see ANNEX I).

42. At no time prior to the initial communication from the Debt Collectors SHAPIRO & INGLE, MICHAEL JAY EMREY and KYLE STEWART did the Consumer ever give his consent to contact him, which is also a violation of 15 U.S.C. § 1692c(a).

43. The law of the FDCPA is clear. A debt collector must obtain permission to contact a Consumer regarding an alleged debt. If they do not get permission, then they (the debt collector) must obtain permission from a court of competent jurisdiction. None of the debt collectors ever obtained prior permission from the Consumer, nor from a court of competent jurisdiction. The foreign state tribunal is not a court of competent jurisdiction.

44. Prior to the Defendants/Debt Collectors initiating the illegal debt collection action in the foreign state tribunal court, erroneously labeled a foreclosure, the Consumer disputed the alleged debt and requested validation with competent verified evidence of the alleged debt they claimed was owed, pursuant to 15 U.S.C. § 1692g(b).

45. Every communication from the debt collectors including filing into the foreign state tribunal an illegal debt collection action, and were violations in 15 U.S.C. § 1692e(4), § 1692e(5), § 1692f(6)(A) and f(6)(C), and § 1692j(a) and (b).

VERIFIED CLAIM FOR VIOLATIONS OF THE FDCPA

Page 11 of 18

Case 5:16-cv-00209-RLV Document 1 Filed 11/17/16 Page 11 of 18

46. The Defendants/Debt Collectors were notified to cease and desist any further collection attempts until they provided verification and validation of the alleged debt, yet they continued with their deceptive, misleading, illegal, abusive and harassing debt collection activities, in violation of 15 U.S.C. § 1692g(b), and illegally continued a non-judicial foreclosure action in a foreign state tribunal outside the United States, in violation of 15 U.S.C. § 1692e(4), § 1692e(5), § 1692e(9), § 1692e(10), § 1692f(6)(A) and (C), § 1692i, and § 1692j.

47. When this consumer requested validation and verification of the alleged debt, the Defendants/Debt Collectors should have already had this information in their possession, been able to comply with federal law and provide it upon this Consumer's request.

48. As the Consumer of the alleged debt, I, Michael J. Garvey, never consented to a debt collector to take my personal, private information into a foreign public forum called a state tribunal. The law of the FDCPA does not allow a debt collector to go around the Consumer. This Consumer never authorized anyone to give his personal private information to the Defendants/Debt Collectors. The Consumer does not know who they are or how they obtained his private information, and they have refused to answer the Consumer's requests for information.

49. The Defendants/Debt Collectors have refused to provide verification of the alleged debt as requested by this Consumer, the Defendants/Debt Collectors have stolen the Consumer's personal, private information and put it into a foreign state tribunal and into public record, without the Consumer's authorization.

VERIFIED CLAIM FOR VIOLATIONS OF THE FDCPA

Page 12 of 18

Case 5:16-cv-00209-RLV   Document 1   Filed 11/17/16   Page 12 of 18

50. The Defendants/Debt Collectors have put this consumer into commerce by initiating an illegal debt collection action in a foreign state tribunal that is outside of the jurisdiction of the United States; and is a violation of 15 U.S.C. 1692i.

51. The Defendants/Debt Collectors designed and compiled deceptive and false communications that they recorded into a foreign state tribunal, which were used to mislead and deceive, and create the false belief in this Consumer that they had the authority to demand payment for an alleged debt (violations in 15 U.S.C. § 1692e(2), § 1692e(4), § 1692e(5), §1692e(10) and (13)), and that they had the legal authority to sell this Consumer's personal, private property.

52. The assignments that were created and publicly recorded is a violation of 15 U.S.C. § 1692j(a), and was compiled and designed in order to collect payment from the Consumer.

53. This Consumer disputed the alleged debt and never received verification or validation, the Defendants/Debt Collectors falsely represented the amount that was allegedly due and owing by this Consumer, in violation of 15 U.S.C. § 1692e(2)(A).

54. The Consumer demanded the Defendants/Debt Collectors to cease and desist any further collection attempts until they provided verification and validation of the alleged debt, pursuant to 15 U.S.C. § 1692g(b).

55. The Defendants/Debt Collectors have violated 15 U.S.C. § 1692f(6) in initiating a non-judicial foreclosure action in a foreign state tribunal in their attempt to collect on a disputed, **unverified** alleged debt pertaining to a consumer's personal private property. The foreign state tribunal had no jurisdiction over consumer goods and private property, or a federally protected consumer.

VERIFIED CLAIM FOR VIOLATIONS OF THE FDCPA

Page 13 of 18

Case 5:16-cv-00209-RLV Document 1 Filed 11/17/16 Page 13 of 18

56. The issue before the court is that the Consumer never received verification and validation of the alleged debt that was disputed.

57. The FDCPA requires that once a debt collector is served a Notice of Dispute, they obtain verification from the original creditor and validate the debt pursuant to 15 U.S.C. § 1692g(b), and all debt collections are to cease collection of the debt, until verification is provided to the Consumer pursuant to 15 U.S.C. § 1692g(b).

58. The Consumer has satisfied the general definition of debt collector and has shown that the Defendants/Debt Collectors, are indeed debt collectors as defined in the FDCPA 1692a(6).

59. The conduct of the Defendants/Debt Collectors illegal debt collection actions have harmed and damaged the Consumer.

60. As a consumer with protections under the FDCPA and CFPB, Congress has afforded the Consumer a "private right of action" for damages caused by the illegal, deceptive and abusive activities of a debt collector. A consumer has the private right to exercise every provision in the consumer protection laws or any other constitutional protections that have been afforded to him as a consumer.

61. The Consumer has given the Defendants/Debt Collectors every opportunity to verify and validate the alleged debt. On Friday, September 2, 2016, the Consumer initiated 3 private administrative procedure processes and sent the Defendants/Debt Collectors SETERUS, STSI and HUTCHENS LAW FIRM a "DEMAND NOTICE TO CEASE AND DESIST ALL COLLECTION ACTIVITIES ON THE PROPERTY KNOWN AS – 330 WALTER GODBEY ROAD, WEST JEFFERSON, NC 28694..." (see **ANNEX F**).

62. To date, the Defendants/Debt Collectors SETERUS, STSI AND HUTCHENS LAW FIRM has failed or refused to respond to the September 2, 2016 Notices as specified. The Consumer has completed the private administrative processes on the Defendants/Debt Collectors who received a NOTICE OF DEFAULT IN DISHONOR AND CONSENT TO JUDGMENT via United States Postal Service (USPS) Certified or Registered Mail. A complete copy of the Consumer's private administrative processes is annexed as **ANNEX J for SETERUS, ANNEX K for STSI and ANNEX L for HUTCHENS LAW FIRM**.

63. The Consumer also gave the Defendants/Debt Collectors, SHAPIRO & INGLE and MICHAEL JAY EMREY an opportunity to respond in the Friday, September 16, 2016 administrative procedure process when the Consumer sent the Demand Notice to Cease and Desist and Notice of Dispute **(see ANNEX H)**.

64. To date, Defendants/Debt Collectors SHAPIRO & INGLE and MICHAEL JAY EMREY has failed or refused to respond to the September 16, 2016 Notice as specified. The Consumer has completed the private administrative process on the Debt Collectors SHAPIRO & INGLE and MICHAEL JAY EMREY who received a NOTICE OF DEFAULT IN DISHONOR AND CONSENT TO JUDGMENT via United States Postal Service (USPS) Certified Mail. A complete copy of the Consumer's private administrative process is annexed as **ANNEX M for Debt Collectors SHAPIRO & INGLE and MICHAEL JAY EMREY.**

65. The Defendants/Debt Collectors have admitted, by their refusal to respond to the Consumers numerous requests for verification and validation of the alleged debt, that they illegally filed the foreign state foreclosure action in order to steal the Consumer's personal

private property that was obtained for personal, family and household purposes, not for business or trade.

66. The Consumer will not discuss any further issues regarding an **unverified** alleged debt, without the proper verification and then validation that is required in the FDCPA.

67. The Debt Collectors' intentional non-response to this Consumer's previous and recent requests, indicates that they had no authority or legal right to pursue their illegal non-judicial foreclosure action in the foreign state tribunal which is a violation of 15 U.S.C. § 1692f(6)(A).

68. The FDCPA imposes a strict liability standard. **Because the Act imposes strict liability, a consumer need not show intentional conduct by the debt collector to be entitled to damages.**

69. The Consumer will allow each of the Debt Collectors an additional 10 days from receipt of this Verified Claim to comply with federal law while in a federal judicial district, and provide exactly what they were required to provide according to the law of the FDCPA, and any and all rules and regulations by the CFPB and the Federal Trade Commission (FTC) otherwise called the United States of America.

70. If they do not, the Consumer wishes the Court to ratify the Consumer's demand for compensation under 15 U.S.C. § 1692k, in the form of actual damages of $100,000 for each defendant for harassment, tortious conduct, the consumer's time, cost, increased medical expenses, physical pain and intentional infliction of emotional distress, which is a violation of 15 U.S.C. § 1692d.

VERIFIED CLAIM FOR VIOLATIONS OF THE FDCPA

Page 16 of 18

Case 5:16-cv-00209-RLV   Document 1   Filed 11/17/16   Page 16 of 18

**WHEREFORE,** the Consumer wishes the Court to ratify and enforce the Consumer's private administrative process and for civil damages under 15 U.S.C. § 1692k. To date, the private administrative process damages are as follows:

a) Debt Collector SETERUS INC. – $22,000.00

b) Debt Collector STSI – $29,000.00

c) HUTCHENS LAW FIRM – $29,000.00

d) Debt Collectors SHAPIRO & INGLE AND MICHAEL JAY EMREY – $5,000.00

e) Further, the Consumer is seeking statutory damages of $1,000.00 from each debt collector, in 15 U.S.C. § 1692k(2)(A); and

f) for punitive damages of $200,000 in 15 U.S.C. § 1692k(b)(1), for intentional and continuous deceptive and tortious conduct, abuse, harassment, and the infliction of severe emotional distress and physical pain; and

g) any additional damages that the court deems appropriate in 15 U.S.C. § 1692k(b); and

h) The Defendants/Debt Collectors must terminate all illegal debt collection actions, and the Defendants/Debt Collectors are not permitted to contact the Consumer any further regarding the **unverified** alleged debt.

All Rights Reserved Without Prejudice,

*[signature]*
Michael J. Garvey, Consumer
c/o 330 Walter Godbey Road
West Jefferson, NC 28694
(336) 877-6298

## VERIFICATION

I, Michael J. Garvey, Consumer being of sound mind, having first-hand knowledge, affirm, state and declare by my freewill act and deed that the facts contained herein are true, correct, complete and not misleading, under penalties of perjury.

Executed this 14th day of November, 2016

*M.J. Garvey*
Michael J. Garvey, Consumer

*Notice: Use of Notary is for identification purposes only and shall not be construed against Declarant as adhesion, indicia, or submission to any foreign, domestic, or municipal jurisdiction or public venue.*

STATE OF NORTH CAROLINA )
                          ) **JURAT**
COUNTY OF Ashe            )

Before me the undersigned, a Notary acting within and for the County of Ashe and State of North Carolina on this 14th day of November, 2016, personally appeared and known to me to be the identical Man, Michael J. Garvey, who being duly sworn, declared the above to be true, correct, and not meant to mis-lead, to the best of his firsthand knowledge, understanding, and belief, executed by his free will and voluntary act and deed the foregoing document.

Given under my hand and seal this 14th day of November, 2016.

*Cara A. Miller*
Notary signature

(seal)

My Commission expires: 10-05-2020

[Notary Seal: CARA A. MILLER, NOTARY PUBLIC, ASHE COUNTY, NC]