IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
STATESVILLE DIVISION

MICHAEL J. GARVEY,

    Plaintiff,

v.

SETERUS, INC.; SUBSTITUTE TRUSTEES SERVICES, INC.; HUTCHENS LAW FIRM, LP; LACEY M. MOORE; CHRISTOPHER T. SALYER; SHIANN SCHMIDT; SHAPIRO & INGLE, LLP; MICHAEL JAY EMREY; KYLE STEWART

    Defendants.

CASE NO. 5:16-cv-00209-RLV

### DEFENDANT SETERUS, INC.'S ANSWER TO PLAINTIFF'S COMPLAINT

Defendant, Seterus, Inc. ("Seterus"), by and through its undersigned counsel, hereby responds to the complaint ("Complaint") of Plaintiff, Michael J. Garvey ("Plaintiff") as follows:

### JURISDICTION

Plaintiff asserts no fact against defendant, Seterus, in either of the two (2) unnumbered paragraphs headed "Jurisdiction." Instead, therein, the Plaintiff only states conclusions of law. To the extent a response is required to either paragraph, Seterus admits that this court has federal question jurisdiction pursuant to 28 U.S.C. § 1331 for any and all cases arising under the Fair Debt Collection Practices Act 15 U.S.C. § 1692 *et seq.* ("FDCPA"). Except as explicitly admitted herein, all other allegations contained within the Plaintiff's paragraphs under the heading "Jurisdiction" are denied.

### PRELIMINARY STATEMENT

1.     Denied.

2. Seterus admits that Plaintiff has previously (and continues to presently) dispute a certain debt (the "Mortgage Debt") owed by the Plaintiff for which Seterus is the servicer. Further, Seterus admits that Plaintiff previously, on or about May 17, 2015, requested that Seterus provide additional information regarding the Mortgage Debt. Upon the Plaintiff's request, Seterus sent to the Plaintiff all information regarding the Mortgage Debt required by law. All other allegations contained within the paragraph 2 of the Plaintiff's Complaint are denied.

3. Denied as stated.

4. Plaintiff asserts no fact against defendant, Seterus, in paragraph 4, but instead states conclusions of law. To the extent a response is required, all assertions contained with Paragraph 4 of the Plaintiff's Complaint are denied.

5. Denied.

6. Plaintiff asserts no fact against defendant, Seterus, in paragraph 6. To the extent a response is required, the allegations contained with Paragraph 6 of the Plaintiff's Complaint are denied.

7. Denied.

8. Denied. In this action, Seterus will adhere to the Rules of Civil Procedure, and any and all Local Rules of this Court governing the filing and service of pleadings, motions and other communications amongst the parties.

**PARTIES**

9. Plaintiff asserts no fact against defendant, Seterus, in paragraph 9. To the extent a response is required, the allegations contained with Paragraph 9 of the Plaintiff's Complaint are denied.

10. Plaintiff asserts no fact against defendant, Seterus, in paragraph 10, but instead states conclusions of law. To the extent a response is required, all assertions contained with Paragraph 10 of the Plaintiff's Complaint are denied.

11. Plaintiff asserts no fact against defendant, Seterus, in paragraph 11. To the extent a response is required, the allegations contained with Paragraph 11 of the Plaintiff's Complaint are denied.

12. Plaintiff asserts no fact against defendant, Seterus, in paragraphs 12, 12(a), 12(b), and/or 12(c). To the extent a response is required, Seterus is without knowledge or information at this time sufficient to form a belief as to the allegations contained within Paragraph 12 and subparts 12(a)-12(c) of the Plaintiff's Complaint, and therefore the same are denied.

13. Plaintiff asserts no fact against defendant, Seterus, in paragraphs 13, 13(a), and/or 13(b). To the extent a response is required, Seterus is without knowledge or information at this time sufficient to form a belief as to the allegations contained within Paragraph 13 and subparts 13(a)-13(b) of the Plaintiff's Complaint, and therefore, the same are denied.

14. Plaintiff asserts no fact against defendant, Seterus, in paragraph 14, but instead states conclusions of law. To the extent a response is required, all assertions contained within Paragraph 15 of the Plaintiff's Complaint are denied.

## DEFENDANTS' VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT

15. Seterus denies that it has engaged in any "illegal debt collection action" or "violation of the FDCPA." Seterus admits that the Plaintiff owes the Mortgage Debt which is presently in default. All other allegations contained within paragraph 15 of the Plaintiff's Complaint are denied.

16. The allegations contained with Paragraph 16 of the Complaint are vague and unclear, and therefore they are denied as stated.

17. Seterus admits that the Plaintiff owes, and Seterus has attempted to collect, the Mortgage Debt which is presently in default. All other allegations contained within paragraph 17 of the Plaintiff's Complaint are denied.

18. The allegations contained with Paragraph 18 of the Complaint are vague and unclear, and therefore they are denied as stated.

19. Denied.

20. Seterus admits that the Plaintiff owes, and Seterus has serviced and attempted to collect, the Mortgage Debt which is presently in default. Seterus further admits that, upon several occasions, it has communicated with the Plaintiff via mail. All other allegations contained within paragraph 20 of the Plaintiff's Complaint are denied.

21. Denied.

22. Seterus admits that it communicated with the Plaintiff via mail on or about April 20, 2015. Said communication is in writing and speaks for itself. All other allegations contained within paragraph 22 of the Plaintiff's Complaint are denied.

23. Denied. For clarity, upon information and belief, under the terms of the original promissory note signed by the Plaintiff, the Plaintiff authorized that any and all notices related to the Plaintiff's Mortgage Debt thereunder be sent to the Plaintiff at his address of 330 Walter Godbey Road, West Jefferson, NC 28694. All other allegations contained within paragraph 23 of the Plaintiff's Complaint are denied.

24. Seterus admits that on or about May 17, 2015 Plaintiff sent to Seterus certain correspondence regarding the Mortgage Debt. The correspondence is in writing which speaks

for itself. All other allegations contained within paragraph 24 of the Plaintiff's Complaint are denied.

25. Denied. For clarity, on or about June 5, 2015, Seterus mailed to Plaintiff at his address of record, 330 Walter Godbey Road West Jefferson, NC 28694, an initial response to the Plaintiff's May 17, 2015 inquiry regarding his Mortgage Debt. Subsequently on June 26, 2015 Seterus provided to the Plaintiff, at the same address of record, a further response to the Plaintiff's inquiry verifying the Plaintiff's Mortgage Debt. The response of June 26, 2015 included: 1) the name, address and telephone number of the owner of the Plaintiff's loan; 2) a copy of the original promissory note and deed of trust securing the loan; and 3) a complete payment history for the loan. A true and complete copy of Seterus' June 5, 2015 and June 26, 2015 correspondence to the Plaintiff are attached to this Answer as "Exhibit A" and "Exhibit B" respectively. All other allegations contained within paragraph 25 of the Plaintiff's Complaint are denied.

26. Plaintiff alleges no facts as to Seterus in paragraph 26. To the extent a response is required, Seterus is without sufficient knowledge or information necessary to form a belief regarding the allegations contained within Paragraph 26 of the Plaintiff's Complaint and therefore the same are denied.

27. Plaintiff alleges no facts as to Seterus in paragraph 27. To the extent a response is required, Seterus is without sufficient knowledge or information necessary to form a belief regarding the allegations contained within Paragraph 27 of the Plaintiff's Complaint and therefore the same are denied.

28. Plaintiff alleges no facts as to Seterus in paragraph 28. To the extent a response is required, Seterus is without sufficient knowledge or information necessary to form a belief

5
Case 5:16-cv-00209-RLV   Document 24   Filed 01/13/17   Page 5 of 14

regarding the allegations contained within Paragraph 28 of the Plaintiff's Complaint and therefore the same are denied.

29. Plaintiff alleges no facts as to Seterus in paragraph 29. To the extent a response is required, Seterus is without sufficient knowledge or information necessary to form a belief regarding the allegations contained within Paragraph 29 of the Plaintiff's Complaint and therefore the same are denied.

30. Plaintiff alleges no facts as to Seterus in paragraph 30. To the extent a response is required, Seterus is without sufficient knowledge or information necessary to form a belief regarding the allegations contained within Paragraph 30 of the Plaintiff's Complaint and therefore the same are denied.

31. Plaintiff alleges no facts as to Seterus in paragraph 31. To the extent a response is required, Seterus is without sufficient knowledge or information necessary to form a belief regarding the allegations contained within Paragraph 31 of the Plaintiff's Complaint and therefore the same are denied.

32. Plaintiff alleges no facts as to Seterus in paragraph 32. To the extent a response is required, Seterus is without sufficient knowledge or information necessary to form a belief regarding the allegations contained within Paragraph 32 of the Plaintiff's Complaint and therefore the same are denied.

33. Seterus admits, upon information and belief, that on August 26, 2016, the Plaintiff filed a Chapter 13 Bankruptcy (Case No. 16-50518) in the United States Bankruptcy Court for the Western District of North Carolina (the "Bankruptcy Case"). It is further admitted upon information and belief that approximately two months later, on or about October 31, 2016, the

Plaintiff voluntarily dismissed his Bankruptcy Case. All other allegations contained within paragraph 33 of the Plaintiff's Complaint are denied.

34. Seterus admits that on or about September 2, 2016 the Plaintiff sent certain correspondence to Seterus. The correspondence is in writing and speaks for itself. All other allegations contained within paragraph 34 of the Plaintiff's Complaint are denied.

35. Seterus admits that on or about September 2, 2016 the Plaintiff sent certain correspondence to Seterus. The correspondence is in writing which speaks for itself. All other allegations contained within paragraph 35 of the Plaintiff's Complaint are denied.

36. Seterus admits that on or about September 2, 2016 the Plaintiff sent certain correspondence to Seterus. The correspondence is in writing which speaks for itself. All other allegations contained within paragraph 36 of the Plaintiff's Complaint are denied.

37. Denied.

38. Plaintiff alleges no facts as to Seterus in paragraph 38. To the extent a response is required, the allegations of Paragraph 38 are admitted upon information and belief.

39. Plaintiff alleges no facts as to Seterus in paragraph 39. To the extent a response is required, Seterus is without sufficient knowledge or information necessary to form a belief regarding the allegations contained within Paragraph 39 of the Plaintiff's Complaint and therefore the same are denied.

40. Denied.

41. Seterus admits upon information and belief that on October 7, 2016, Kyle Stewart filed an "Objection to Confirmation of Plan" in the Plaintiff's Bankruptcy Case. All other allegations contained within Paragraph 41 of the Plaintiff's Complaint are denied.

42. Plaintiff alleges no facts as to Seterus in paragraph 42. To the extent a response is required, Seterus is without sufficient knowledge or information necessary to form a belief regarding the allegations contained within Paragraph 42 of the Plaintiff's Complaint and therefore the same are denied.

43. Plaintiff asserts no fact against defendant, Seterus, in paragraph 43, but instead states conclusions of law. To the extent a response is required, all assertions contained with Paragraph 43 of the Plaintiff's Complaint are denied.

44. Seterus admits that the Plaintiff requested (and Seterus promptly sent to the Plaintiff) verification of his Mortgage Debt. A copy of Seterus' communications sent to the Plaintiff regarding the details of his Mortgage Debt are attached to this Answer as Exhibits A and B. All other allegations contained within paragraph 44 of the Plaintiff's Complaint are denied.

45. Denied.

46. Denied.

47. Denied. For clarity, at all times relevant to this action Seterus has complied with federal law regarding the servicing of the Plaintiff's Mortgage Debt. Upon request, Seterus mailed to the Plaintiff all information related to his Mortgage Debt required by law. A copy of Seterus' communications sent to the Plaintiff regarding the details of his Mortgage Debt are attached to this Answer as Exhibits A and B. All other allegations contained within paragraph 47 of the Plaintiff's Complaint are denied.

48. Denied.

49. Denied.

50. The allegations contained within Paragraph 50 of the Plaintiff's Complaint are vague and unclear and therefore the same are denied as stated.

51. Denied.

52. Denied.

53. Denied.

54. It is admitted that Plaintiff has asked defendant Seterus to cease servicing his Mortgage Debt. All other allegations contained within Paragraph 54 of the Plaintiff's Complaint are denied.

55. Denied.

56. Denied. For clarity, upon request, Seterus promptly provided the Plaintiff with verification of his Mortgage Debt. A copy of Seterus' initial communications sent to the Plaintiff regarding the details of his Mortgage Debt are attached to this Answer as Exhibits A and B. All other allegations contained within Paragraph 56 of the Plaintiff's Complaint are denied.

57. Plaintiff asserts no fact against defendant, Seterus, in Paragraph 57, but instead states conclusions of law. To the extent a response is required, all assertions contained with Paragraph 57 of the Plaintiff's Complaint are denied.

58. Denied.

59. Denied.

60. Plaintiff asserts no fact against defendant, Seterus, in paragraph 60, but instead states conclusions of law. To the extent a response is required, all assertions contained with Paragraph 60 of the Plaintiff's Complaint are denied.

61. It is admitted upon information and belief that the Plaintiff has sent and Seterus has received certain correspondence. Said correspondence is in writing and speaks for itself as to its contents. All other allegations contained within paragraph 61 of the Plaintiff's Complaint are denied.

62. Denied. For clarity, upon request, and prior to the Plaintiff's alleged September 2, 2016 "Notice" Seterus promptly provided the Plaintiff with verification of his Mortgage Debt. A copy of Seterus' communications sent to the Plaintiff regarding the details of his Mortgage Debt are attached to this Answer as Exhibits A and B. All other allegations contained within Paragraph 62 of the Plaintiff's Complaint are denied.

63. Plaintiff alleges no facts as to Seterus in paragraph 63. To the extent a response is required, Seterus is without sufficient knowledge or information necessary to form a belief regarding the allegations contained within Paragraph 63 of the Plaintiff's Complaint and therefore the same are denied.

64. Plaintiff alleges no facts as to Seterus in paragraph 64. To the extent a response is required, Seterus is without sufficient knowledge or information necessary to form a belief regarding the allegations contained within Paragraph 64 of the Plaintiff's Complaint and therefore the same are denied.

65. Denied.

66. Plaintiff alleges no facts as to Seterus in paragraph 66. To the extent a response is required, the allegations contained within Paragraph 66 of the Plaintiff's Complaint are denied.

67. Denied.

68. Plaintiff asserts no fact against defendant, Seterus, in paragraph 68, but instead states conclusions of law. To the extent a response is required, all assertions contained with Paragraph 68 of the Plaintiff's Complaint are denied.

69. Plaintiff asserts no fact against defendant, Seterus, in paragraph 69. To the extent a response is required, all assertions contained with Paragraph 69 of the Plaintiff's Complaint are denied.

70. Plaintiff asserts no fact against defendant, Seterus, in paragraph 70. To the extent a response is required, all assertions contained with Paragraph 70 of the Plaintiff's Complaint are denied.

## GENERAL DENIAL

Any all allegations of the Plaintiff's Complaint not specifically admitted in this Answer are hereby denied.

## ADDITIONAL DEFENSES

### FIRST DEFENSE
(**Motion to Dismiss Complaint**)

1. Pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, defendant, Seterus, moves to dismiss the Plaintiff's Complaint for failure to state a claim upon which relief can be granted.

2. Specifically, the Plaintiff's Complaint fails to allege:

    a. any conduct on the part of Seterus that constitutes a violation of federal or state law, including but not limited to the FDCPA; and

    b. any basis for or cause of the actual damages the Plaintiff seeks to recover.

3. Additionally, as a matter of law, punitive damages (other than the amount provided by statute) are not authorized for violations of the FDCPA. Therefore, the Complaint does not (and cannot) state a claim for any such award of punitive damages in favor of the Plaintiff.

4. For the reasons stated above, the Plaintiff's claims against defendant, Seterus, should be dismissed with prejudice.

## SECOND DEFENSE
**(Motion for Attorney's Fees)**

1. Defendant, Seterus states that the Plaintiff's FDCPA claims in this action are unwarranted under current law (and/or any reasonably likely extension or reversal thereof), frivolous, and brought in bad faith and for the purpose of harassment and to avoid and/or delay payment of the underlying valid Mortgage Debt.

2. Defendant, Seterus, hereby moves this Court, pursuant to § 1692k(3) of the FDCPA to award it reasonable attorney's fees as allowed by law for the work expended and costs incurred in defending this action.

## THIRD DEFENSE
**(Good Faith/Compliance)**

At all times relevant to the above-captioned action, Seterus engaged its mortgage loan servicing duties and related obligations in good faith and in accordance with applicable state and federal law.

## RESERVATION OF ADDITIONAL DEFENSES

Seterus reserves the right to assert additional defenses, including but not limited to affirmative defenses which may become known through discovery and/or trial of this action.

**WHEREFORE,** defendant Seterus respectfully prays that this Court:

1. that all claims in the Plaintiff's Complaint against defendant Seterus be dismissed with prejudice;

2. alternatively, that the Plaintiff have and recover nothing from defendant, Seterus, by way of this action;

3. that the costs of this action, including but not limited to attorneys' fees as allowed by law be taxed against the Plaintiff; and

4. for any and all other and further relief that this Court may find justice may require.

Respectfully submitted this 13th day of January 2017.

                **MCGUIREWOODS LLP**

    BY:     /s/ David R. DiMatteo
             David R. DiMatteo (SBN 35254)
             Fifth Third Center
             201 North Tryon Street
             Suite 3000
             Charlotte, NC 28202-2013
             704-343-2161 (Phone)
             704- 805-5061 (FAX)
             ddimatteo@mcguirewoods.com

             *Counsel for Defendant Seterus, Inc.*

# CERTIFICATE OF SERVICE

This is to certify that the undersigned has on this 13th day of January, 2017, served a copy of the foregoing **Answer to Plaintiff's Complaint** which was filed using the Court's CM/ECF system, on the following parties:

Lacey M. Moore, Esq.
Hutchens, Senter, Kellam & Pettit, P.A.
P.O. Box 12497
Charlotte, NC 28211
*Counsel for Substitute Trustees Services, Inc., Hutchens Law Firm, LP,
Lacey M. Moore, Christopher T. Salyer and Shiann Schmidt*

Jason Kenneth Purser, Esq.
Shapiro & Ingle, LLP
10130 Perimeter Pkwy, Suite 400
Charlotte, NC 28216
*Counsel for Shapiro & Ingle, LLP, Michael Jay Emrey,
And Kyle Stewart*

Additionally, I hereby certify that a copy of the foregoing **Answer to Plaintiff's Complaint** was served upon the following Plaintiff by depositing a copy thereof in the custody of the United States Postal Service, first-class postage prepaid, addressed to:

Michael J. Garvey
330 Walter Godbey Road
West Jefferson, NC 28694
*Pro Se Plaintiff*

        */s/ David R. DiMatteo*
        David R. DiMatteo