IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
STATESVILLE DIVISION

FILED
STATESVILLE, NC
JAN 3 0 2017
U.S. District Court
Western District of N.C.

Michael J. Garvey, }

    Consumer [*Plaintiff*], }

vs. }   Civil Action No.: 5:16-CV-00209-RLV

}

SETERUS, INC., et. al.

}

    Debt Collectors [*Defendants*]

}

}

## CONSUMER'S OPPOSITION TO DEFENDANTS SHAPIRO & INGLE, LLP, MICHAEL JAY EMREY AND KYLE STEWART MOTION TO DISMISS

This is the Consumer, Michael J. Garvey, a natural man opposition to Shapiro & Ingle, LLP, Michael Jay Emrey and Kyle Stewart (collectively, "S&I Debt Collectors"), Memorandum in support of their motion to dismiss the Consumer's Verified Claim for Violations of the FDCPA and Enforcement Act for failure to state a claim for which relief can be granted. The Consumer states the following:

1. For the record, the Consumer did not file a complaint with this federal judicial court, he filed a "Verified Claim for Violations of the FDCPA and Enforcement Action." The Consumer objects to the S&I Debt Collectors referencing and trying to change the status of the Consumer's Verified Claim and Enforcement Action into a Complaint because it is not a Complaint, it is the Consumer's Verified Claim and Enforcement Action.

2. The Consumer also objected to the S&I Debt Collectors filing a Motion for an Extension of Time and receiving the extension from the Court when the Court was only to act as a

witness and to ratify this Consumer's Verified Claim and Enforcement Action (Doc. 23 ¶3).

3. In the Consumer's Verified Claim for Violations of the FDCPA, the Consumer gave the S&I Debt Collectors Ten (10) days from receipt of the Claim to comply with the Consumer's directive and provide the verification and validation that they were required to provide according to the law of the FDCPA, 15 USC § 1692g(b), and any and all rules and regulations by the Consumer Financial Protection Bureau (CFPB) and the Federal Trade Commission (FTC) (Verified Claim, ¶69). The response from the S&I Debt Collectors should had been received no later than Monday, December 12, 2016. No other response was necessary from the S&I Debt Collectors other than their compliance to the Consumer's directive.

For the record, the Consumer objects to the S&I Debt Collectors' Motion to Dismiss and Exhibits (Doc 26, Exhibits A–C) and they should be stricken from the record. An unauthenticated redacted copy of a note and deed of trust is not verification and validation of the alleged debt the S&I Debt Collectors tried to collect from the Consumer in the U.S. Bankruptcy Court, Case Number: 16-50518. The S&I Debt Collectors unauthenticated redacted copy of a note and deed of trust in Exhibit A is hearsay and is also a violation of 15 USC § 1692g(a).

4. Further, S&I Debt Collectors stated in their Notice of Appearance (Verified Claim, ANNEX G), "...as counsel for Seterus, Inc. as authorized subservicer for Fannie National Mortgage Association ("Fannie Mae")...a creditor of the above named Debtor(s)." This statement in the S&I Debt Collectors Notice of Appearance is false and misleading representation and are also violations of 15 USC § 1692e, 1692e(2)(A), and 1692e(10).

"Fannie National Mortgage Association ("Fannie Mae") was never a creditor of the Consumer, and the Consumer is not in receipt of any evidence to the contrary. The S&I Debt Collectors never provided the Consumer or this court any authenticated evidence that "Fannie Mae" is a creditor of the Consumer and the unauthenticated redacted copy of a note and deed of trust in Exhibit A is hearsay.

5. Also, on the Consumer's Bankruptcy Schedule "F" Nonpriority Unsecured Claims the Consumer listed BAC Home Loans Serv. LP as a Nonpriority Unsecured Disputed claim (See **ANNEX A**). The only reason the Consumer listed BAC Home Loans Serv. LP on his schedule was because they were listed on his credit report, and the U.S. Bankruptcy Court Forms only uses the term "creditor" on its forms, BAC Home Loans Serv. LP was never a creditor of the Consumer, and the Consumer is not in receipt of any evidence to the contrary. In the FDCPA, 15 USC 1692a(4) the term creditor is defined as:

> The term "creditor" means any person who offers or extends credit creating a debt or to whom a debt is owed, but such term does not include any person to the extent that he receives an assignment or transfer of a debt in default solely for the purpose of facilitating collection of such debt for another.

Further, nowhere on the Consumer's bankruptcy schedules did he list "Fannie Mae." "Fannie Mae" is not the Consumer's creditor and has never been a creditor of the Consumer. Again, the S&I Debt Collectors Notice of Appearance was filed to deceive the Consumer and the U.S. Bankruptcy Court and to extort payment from an alleged debt the S&I Debt Collectors were attempting to collect, yet they cannot verify nor validate.

Also, the Consumer discovered that the S&I Debt Collectors failed to file a Proof of Claim in the Consumer's bankruptcy case. If the debt collectors S&I or Seterus, Inc. had filed a Proof of Claim, they would have been committing perjury for filing a fraudulent Proof of

Claim; and the person who files a fraudulent Proof of Claim could have been fined up to $500,000.00, imprisoned for up to 5 years or both pursuant to 18 U.S.C. §§ 152, 157, and 3571.

6. The S&I Debt Collectors states "S&I Defendants were not required to provide the type of validation Plaintiff demand." However, the FDCPA, 15 USC § 1692g(a) states within five days after the initial communication with a consumer in connection with the collection of any debt, a debt collector shall, unless the following information is contained in the initial communication or the consumer has paid the debt, send the consumer a written notice containing—(1) the amount of the debt; (2) the name of the creditor to whom the debt is owed; (3) a statement that unless the consumer, within thirty days after receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt collector…The S&I Debt Collectors did not comply with this portion of 15 USC § 1692g.

    The S&I Debt Collectors filed its Notice of Appearance as counsel for Seterus, Inc., who is a self-proclaimed debt collector – only a creditor can foreclose. Pursuant to 15 USC § 1692g(a) Within five days after the initial communication with a consumer in connection with the collection of any debt…as stated above, the debt collector should have provided the Consumer the required communication no later than September 14, 2016 as stated in 15 USC § 1692g(a). The S&I Debt Collectors did not do so and violated 15 USC § 1692g(a).

    Therefore, on September 16, 2016, within the thirty-day period of time after the Consumer received the Notice of Appearance from the S&I Debt Collectors, the Consumer sent S&I Debt Collectors a Demand Notice to Cease and Desist All Collection Activities Until

Verification and Validation of the Alleged Debt Pursuant to the Fair Debt Collection Practices Act (FDCPA) (Verified Claim ¶39, ANNEX H).

The S&I Debt Collectors failed to provide the Consumer the amount of the alleged debt owed, the name of the creditor to whom the alleged debt is owed; a statement that unless the consumer, within thirty days after receipt of the notice, disputes the validity of the debt, or any portion thereof the debt will be assumed to be valid by the debt collector. The S&I Debt Collectors sent the September 9, 2016 Notice of Appearance as counsel for Seterus, Inc., a debt collector, to the Consumer via U.S. Mail. Therefore, as counsel for the debt collector Seterus, Inc., the S&I Defendants are also debt collectors, and triggered the requirements stated in the FDCPA, 15 USC § 1692g(a).

Further, the Consumer does not consider the S&I Debt Collectors initial contact with the Consumer a "formal pleading", it was a Notice that the Consumer disputes because Seterus, Inc. nor "Fannie Mae" have never provided the Consumer with any evidence that "Fannie Mae" was the Consumer's creditor. The Consumer does not believe 15 USC § 1692g(5)(d) applies in this case. Further, pursuant to 15 USC § 1692a(2) "communication" is defined as:

> The term "communication" means the conveying of information regarding a debt directly or indirectly to any person through any medium.

The Consumer does not consider the S&I Debt Collectors Notice of Appearance, a pleading. The term "communication" as defined in the FDCPA, would mean any court pleadings. Because this was the initial communication the S&I Debt Collectors made to the Consumer concerning the alleged debt, their Notice triggered 15 USC § 1692g(a).

CONSUMER'S OPPOSITION TO S&I DEBT COLLECTORS MOTION TO DISMISS

Page 5 of 12

Case 5:16-cv-00209-RLV Document 30 Filed 02/00/17 Page 5 of 12

7. The S&I Debt Collectors alleges "...If Plaintiff's demands dated September 16[th] and 30[th], 2016 triggered a requirement that the S&I Defendants respond, the S&I Defendants discharged their obligations to Plaintiffs in sending the letter dated October 4, 2016 and attached hereto as Exhibit A..." This assertion fails because the S&I Debt collectors should have sent the Consumer a communication no later than September 14, 2016 pursuant to 15 USC §1692g(a), not after the Consumer sent his September 16th demand Notice.

8. The Consumer also stated in his October 17, 2016 Notice of Default and Notice of Pending Lawsuit, that the S&I Debt Collectors letter dated October 4, 2016, the redacted copy of a note and deed of trust (Doc. 26, Exhibit A) sent to the Consumer was not verification and validation (see Verified Claim, ANNEX M). In the Consumer's Notice dated September 16, 2016 to the S&I Debt Collectors it stated "So that there is no misunderstanding, below is the definition for the words "verify" and "verification" that your company is to adhere to:

The term "verify" is defined in Black's Law Dictionary 6th Edition as follows:

"To confirm or substantiate by oath or affidavit. Particularly used of making formal oath to accounts, petitions, pleadings, and other papers." The word "verified," when used in a statute, ordinarily imports a verity attested by the sanctity of an oath..."

The term "verification" is defined in Black's Law Dictionary 6th Edition as:

"Confirmation of correctness, truth, or authenticity, by affidavit, oath, or deposition. Affidavit of truth of matter states an object of verification is to assure good faith in averments or statements of party...'"

The Consumer did not receive any verification and validation of the alleged debt substantiated under oath or affidavit from the S&I Debt Collectors, as he demanded in his administrative process and as required in 15 USC §1692g(b).

9. Congress granted the Consumer Financial Protection Bureau (CFPB) the authority to enforce, and to declare rules regarding, the FDCPA. The powers under the FDCPA and other federal consumer financial laws transferred to the CFPB on July 21, 2011. In the Matter of PRESSLER & PRESSLER, LLP, SHELDON H. PRESSLER, AND GERARD J. FELT, Consent Order, File No. 2016-CFPB- 0009, the CFPB found that:

> "The Firm filed the majority of the lawsuits against consumers on behalf of Debt Buyers. Those Debt Buyers often could not support their collection activities **with basic documents, such as the original contracts underlying the alleged debts, documentation of the consumer's alleged obligation, or the chain of title evidencing that the debt buyer actually owned the debt and thus had standing to sue the consumer.** Respondents filed the lawsuits without independently investigating or verifying support for the suits, including whether the facts alleged were true, and in instances where they had information that the facts alleged were unsupported, including but not limited to where:
>
> a. **Consumers disputed, challenged, or questioned the validity or accuracy of the debt and Defendants failed to obtain Original Account-Level Documentation before continuing collecting on that account; or..."** *(Emphasis added)*

The CFPB stated that before debt collectors go forward with a lawsuit, they must acquire genuine loan level account documentation from the original creditor, and review and verify the documentation. This information must be **verified under oath to the accuracy.** When this Consumer asked the S&I Debt Collectors for verification and validation pursuant to the FDCPA, they were to respond with the truth and they did not. They tried to deceive the Consumer and the U.S. Bankruptcy Court. The Consumer never received **verification from the <u>original</u> creditor in the form of genuine loan level account documentation,**

**and validation sworn to under oath,** from the S&I Debt Collectors as required by federal law, thereby violating 15 USC § 1692g(b).

10. As stated in the Verified Claim, "Congress also intended the Act to be "primarily self-enforcing," in that consumers who have been subjected to collection abuses will be enforcing compliance," S. Rep. No. 95-382, at 5 (1977)" (Verified Claim, pg. 3). The Consumer completed his private administrative process against the S&I Debt Collector in October 2016, the S&I Debt Collectors refused to comply with the Consumer's demands for verification and validation of the alleged debt. Therefore, this federal judicial court is only to act as a witness to the S&I Debt Collectors' continuous bad behavior and illegal conduct, which is in violation of federal law, and to assist in the enforcement, and to ratify the Consumer's private enforcement action.

11. The S&I Defendants are debt collectors and their own documents submitted to the Court as Exhibit A shows they used instrumentality of interstate commerce and the U.S. mail to collect directly or indirectly a debt asserted to be owed or due another as defined in 15 USC § 1692a(6), attempting to collect a debt as defined in 15 USC §1692a(5). The S&I Debt Collectors have yet to provide any evidence that they represent a creditor of the Consumer as they stated in their September 9, 2016 Notice of Appearance, violating 15 USC §1692e – a debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt. The S&I Debt Collectors also violated the FDCPA by not following up within 5 days after the initial communication with the Consumer as required in 15 USC § 1692g. Further, the S&I Debt Collectors letter dated October 4, 2016 is not in compliance with 15 USC §1692g(a).

12. The Consumer has also shown in his verified claim that the S&I Debt Collectors violated 15 USC §1692a(c) when he stated the S&I Debt Collectors never received prior consent from the Consumer to contact him concerning the collection of any debt. The Consumer does not have a contract with the S&I Debt Collectors so there was no need for them to contact him without prior consent, nor does the Consumer know who they are, therefore, as 15 USC §1692c(a) states "Without the prior consent of the consumer given directly to the debt collector...a debt collector may not communicate with a consumer in connection with the collection of any debt." It does not state "...in any one of the following three circumstance..." as the S&I Debt Collectors stated in their Motion to Dismiss. 15 USC §1692c(b) also states "...without the prior consent of the consumer given directly to a debt collector..." The Consumer is interpreting the FDCPA as it is clearly written and as Congress intended, "Without prior consent...a debt collector may not communicate with a consumer in connection with the collection of any debt."

13. Further, the S&I Debt Collectors were notified to cease and desist any further illegal debt collection attempts until they provided verification and validation of the alleged debt. The S&I Debt Collectors continued their illegal debt collection activities in the Consumer's Bankruptcy Case without verifying and validating the alleged debt, and the Consumer is not in receipt of any evidence to the contrary.

14. The Consumer is disabled, 71 years old, a United States war veteran and a cancer survivor. The Consumer has been harmed and injured emotionally, mentally and physically from the stress caused by the S&I Debt Collectors illegal attempt to collect an unverified debt in the Consumer U.S. Bankruptcy Court case. As stated in the Verified Claim, the Consumer was forced to file the bankruptcy in order to stop the illegal sale of his personal private

property that was primarily obtained for personal, family, household use. The S&I Debt Collectors and the other defendants have caused the Consumer considerable emotional and physical stress, by their intentional and continuous deceptive conduct in the Consumer's bankruptcy case and illegal non-judicial foreclosure action. Because of the emotional and mental stress the Consumer was under in the bankruptcy, the Consumer inadvertently paid the Bankruptcy Trustee instead of the bankruptcy court.

Further, the Consumer filed a Notice of Dismissal in the bankruptcy case for medical reasons before he received the October 24, 2016 dismissal. The Consumer also feels his additional medical problems are a result of the undue stress he was under trying to get the S&I Debt Collectors to verify the alleged debt they were attempting to collect and dealing with the illegal non-judicial foreclosure action (see **ANNEX B**).

15. The S&I Debt Collectors do not deny the fact that this federal judicial Court has jurisdiction pursuant to 28 USC § 1331 and 15 USC § 1692 *et seq*. Nor do they deny the fact that they are debt collectors as defined in 15 USC §1692a(6) attempting to collect a debt as defined in 15 USC § 1692a(5). Nor do they deny making the false statement in its Notice concerning the alleged creditor "Fannie Mae" which is a deceptive and misleading statement that they presented to the U.S. Bankruptcy Court and mailed to the Consumer.

16. For the reasons stated above, and as stated in the Consumer's Verified Claim, the Consumer believes he has stated a claim upon which relief can be granted. However, if the Court feels the Consumer did not state a claim, it is the Consumer's wish that the Court allow the Consumer an opportunity to correct his claim.

17. As stated above, the Consumer gave the S&I Debt Collectors an additional 10 days from receipt of the Verified Claim to comply with federal law while in a federal judicial district,

and provide exactly what they were required to provide according to the law of the FDCPA, and any all rules and regulations by the CFPB and the FTC otherwise called the United States of America. This Court is to bear witness that I, the Consumer, issued the directive to the S&I Debt Collectors and they had a duty and obligation to perform as required within the specified time, in which they did not.

**WHEREFORE,** it is the Consumer's wishes that the Court ratify and enforce the Consumer's private administrative process, and for any additional damages the court deems appropriate under 15 USC § 1692k(b)(1). To date, the S&I Debt Collectors owes the Consumer $5,000.00 for their noncompliance to his private administrative process. Also as stated above, if the Court feels the Consumer did not state a claim for which relief can be granted, it is the Consumer's wish to be allowed the opportunity to amend his claim.

All Rights Reserved Without Prejudice,

/s/ M. J. Garvey
Michael J. Garvey, Consumer
c/o 330 Walter Godbey Road
West Jefferson, NC 28694

## AFFIDAVIT

I, Michael J. Garvey, Consumer, hereby certify under the penalties of perjury that the facts set forth in this Opposition to the S&I Debt Collectors Motion to Dismiss are true and correct to the best of my information, knowledge and belief.

/s/ Michael J. Garvey
Michael J. Garvey

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true copy of the Consumer's Opposition to the S&I Debt Collectors Motion to Dismiss has been sent to the following listed below by USPS First Class Mail on January 26, 2016.

Jason K. Purser
SHAPIRO & INGLE, LLP
10130 Perimeter Parkway, Suite 400
Charlotte, NC 28216

_____
Michael J. Garvey