IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
STATESVILLE DIVISION

| | |
|---|---|
| MICHAEL J. GARVEY,<br><br>    Plaintiff,<br><br>v.<br><br>SETERUS, INC.; SUBSTITUTE TRUSTEES SERVICES, INC.; HUTCHENS LAW FIRM, LP; LACEY M. MOORE; CHRISTOPHER T. SALYER; SHIANN SCHMIDT; SHAPIRO & INGLE, LLP; MICHAEL JAY EMREY; KYLE STEWART<br><br>    Defendants. | CASE NO. 5:16-cv-00209-RLV |

**BRIEF IN SUPPORT OF DEFENDANT SETERUS, INC.'S
MOTION FOR JUDGEMENT ON THE PLEADINGS**

Plaintiff's complaint in this matter ("Complaint"), brought pursuant to the Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692 *et. seq.*, should be dismissed with prejudice as to defendant Seterus, Inc. ("Seterus") because it fails to plausibly allege any violation of the statute. Seterus, by and through its undersigned counsel, hereby submits the following *Brief in Support* of its *Motion for Judgement on the Pleadings* [Doc 34] (the "Motion"), and respectfully shows unto the Court the following:

**ALLEGATIONS OF FACT**

A. **The Plaintiff's Complaint**

Via his complaint, Plaintiff, Michael J. Garvey ("Plaintiff") attempts to bring claims against Seterus as loan servicer; its bankruptcy counsel, Shapiro & Ingle, LLP ("Shapiro"); and various individual attorneys purportedly employed by Shapiro, for claims Plaintiff alleges arose in

connection with attempts to collect a mortgage loan. Plaintiff has also sued Substitute Trustees Services, Inc. ("Trustee"), the substitute trustee for a deed of trust executed by Plaintiff, as well as a foreclosure law firm, the Hutchens Law Firm, LP ("Hutchens") and various individual attorneys employed by Hutchens.[1] With regard to Seterus, the Complaint attempts to allege the following violations of the Fair Debt Collection Practices Act 15 U.S.C. §§ 1692 *et. seq*. ("FDCPA"):

1) Seterus failed to provide written verification of the debt it was attempting to collect (15 U.S.C. § 1692(g)) *Compl.* at ¶¶ 2, 15, 21, and 56;

2) Seterus communicated with Plaintiff without his consent (15 U.S.C. § 1692(c)) *Compl*. at ¶ 23;

3) upon Plaintiff's demand, Seterus failed to cease and desist its attempts to collect the debt (15 U.S.C. § 1692(g)) *Compl.* at ¶¶ 3, 46; and

4) Seterus, along with the other Defendants, otherwise used false, misleading, unfair or deceptive practices in their attempts to collect the debt (15 U.S.C. §§ 1692(e), (f), (i) and (j)). *Compl.* at ¶¶ 46, 51.

In support of his allegations, Plaintiff attached to his Complaint thirteen exhibits (each to which Plaintiff refers as an "Annex"). Plaintiff's Annexes contain miscellaneous pieces of correspondence, pleadings and other documents which Plaintiff alleges were sent and received between himself and the various Defendants, including the following:

● "Annex A" – A letter dated April 20, 2015 from Seterus to Plaintiff identifying Seterus as the servicer for Plaintiff's loan, identifying Plaintiff's creditor, and providing the Plaintiff's loan number and a summary of the amount owed.

---

[1] This brief, where appropriate, will refer to Seterus, Shapiro, Trustee, Hutchens and all of the individual attorney defendants collectively as the "Defendants."

- "Annex B" – A letter dated May 17, 2015 from Plaintiff at his address of 330 Walter Godbey Road West Jefferson, N.C. 28694 ("Godbey Road") to Seterus requesting verification of the debt under the provisions of the FDCPA.

- "Annex F" – A notarized "Demand Notice to Cease and Desist All Collection Activities on the Property Known As -- 330 Walter Godbey Road, West Jefferson, NC 28694" dated September 2, 2016 sent by Plaintiff from his Godbey Road address to Seterus and several other of the Defendants. Page three of this Demand specifically instructs Seterus "to send verification and validation of the alleged debt to me, Michael Garvey" at the Godbey Road address.

- "Annex I" – An Objection to Plan Confirmation dated October 7, 2016 received by Plaintiff at his Godbey Road address.

In summary, the gravamen of Plaintiff's allegations appears to be that Seterus violated the FDCPA because 1) Plaintiff failed to receive "verification" for a mortgage debt Seterus sought to collect; and 2) then despite this, Seterus attempted to collect the debt and foreclose upon related collateral—real property located at the Godbey Road address. Plaintiff's exhibits (Annexes A-M) indicate that Plaintiff repeatedly sent correspondence from the Godbey Road address to Seterus and the other Defendants in an attempt to put them on notice of the alleged violations. Moreover, several exhibits (for example, Annex I, which contains the Objection to Plan Confirmation with regard to Plaintiff's bankruptcy plan) plainly indicate that at times relevant to the Complaint, Plaintiff also was in fact receiving mail sent to him at his Godbey Road address.

**B. Defendant Seterus' Answer**

Seterus is a loan servicer for mortgage loans, including one owed by Plaintiff, Michael J. Garvey.[2] Via its Answer to the Complaint, Seterus has denied Plaintiff's allegations that Seterus

---

[2] A detailed history of Plaintiff's mortgage loan and the resulting litigation that occurred prior to the time Seterus became servicer can be found in the "Statement of Facts" presented in the *Memorandum In Support of Defendant*

violated the FDCPA.  Seterus admits that on or about May 17, 2015, Plaintiff requested, via letter, that Seterus verify the mortgage debt. *Answer* [Doc 24] at ¶¶ 2, 15.  Seterus' Answer illustrates, however, that in response to Plaintiff's letter, Seterus sent to Plaintiff all verification information regarding the mortgage debt required by law. *Answer* at ¶¶ 2, 25.  Attached to Seterus' Answer as exhibits "A" and "B," respectively, are copies of letters Seterus sent to Plaintiff on June 5, 2015 and June 26, 2015 in response to Plaintiff's request for verification of the debt.  Each is addressed to the Plaintiff at his Godbey Road address.  The June 26, 2015 correspondence included the name and address of Plaintiff's original creditor, and enclosed copies of the promissory note and deed of trust executed by Plaintiff, as well as a copy of the assignment of the mortgage and a complete payment history for the debt in question.

Plaintiff's Complaint makes no competing allegation concerning these correspondences.  In fact, it does not reference them at all.  Nor does it attach either as part of any Annex.  Further, the Complaint does not allege that Seterus engaged in any collection activity during the time period prohibited by the FDCPA—*i.e.* the time between when Plaintiff sent his request for verification on or about May 17, 2015, and when Seterus mailed its verification letter on or about June 26, 2015.

## STANDARD OF REVIEW

"Under Rule 12(c) of the Federal Rules of Civil Procedure, 'a party is entitled to a judgment on the pleadings when no genuine issues of material fact exist, and the case can be decided as a matter of law.'  The Court considers both the Complaint and Answer." *Unitrin Auto & Home Ins. Co. v. Siarris*, No. 3:14-CV-50, 2015 WL 457630, at *2 (W.D.N.C. Feb. 3, 2015), aff'd, 615 F.

---

*Substitute Trustee Services, Inc., Motion to Dismiss* filed with this court on January 28, 2017 [Doc 28].   While this information may provide the Court a more complete background of the events leading up to the present action, in the interest of brevity, Seterus will refrain from restating it here.

App'x 164 (4th Cir. 2015) (internal citations omitted). "In order to survive a Rule 12(c) motion, 'a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face.'" *Deerborne Cottages, LLC v. First Bank*, No. 1:11CV178, 2012 WL 4363742, at *2 (W.D.N.C. Sept. 24, 2012) (citing *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009). "To be 'plausible on its face,' a plaintiff must demonstrate more than 'a sheer possibility that a defendant has acted unlawfully.'" *Id.*

In its review of the pleadings, the Court "is not required to assume the truth of 'bare legal conclusions.'" *Id.* (citing *Aziz v. Alcolac, Inc.,* 658 F.3d 388, 391 (4th Cir.2011)). "'The mere recital of elements of a cause of action, supported only by conclusory statements, is not sufficient.'" *Id.* (citing *Walters v. McMahen,* 684 F.3d 435, 439 (4th Cir.2012)). Nor must the Court give credence to "unwarranted inferences, unreasonable conclusions, or arguments." *Glassman v. Arlington County*, 628 F.3d 140, 146 (4th Cir. 2010) (citation omitted).

In deciding a 12(c) motion, "[d]ocuments attached to the pleadings may be considered by the Court when the parties do not dispute the authenticity of the documents." *Unitrin* at * 2. "A copy of a written instrument that is an exhibit to a pleading is a part of the pleading for all purposes." Fed. R. Civ. P. 10(c). "[I]n the event of conflict between the bare allegations of the complaint and any exhibit attached pursuant to Rule 10(c), Fed.R.Civ.P. the exhibit prevails." *Fayetteville Inv'rs v. Commercial Builders, Inc.*, 936 F.2d 1462, 1465 (4th Cir. 1991).

**LAW & ARGUMENT**

**A. Defendant Seterus Complied with the Verification Requirements of § 1962(g) of the FDCPA.**

Even when taken in a light most favorable to Plaintiff, the pleadings in this action fail to allege any set of facts under which Seterus failed to comply with the requirements of the FDCPA.

5

Seterus addresses, *seriatim,* each of the purported FDCPA violations alleged by the Plaintiff as follows:

1. **The FDCPA Does Not Mandate that a Debt Collector Confirm Receipt of Verification Correspondence by the Consumer Prior to Attempting to Collect a Debt.**

Under section 1962(g) of the FDCPA,

> [i]f the consumer notifies the debt collector in writing . . . that the debt, or any portion thereof, is disputed, . . . the debt collector shall cease collection of the debt, or any disputed portion thereof, until the debt collector obtains verification of the debt or a copy of a judgment, or the name and address of the original creditor, and a copy of such verification or judgment, or name and address of the original creditor, *is mailed to* the consumer by the debt collector.

15 U.S.C.A. § 1692g (emphasis added).

The 4th Circuit has explained that, in this context, "verification" of a debt:

> involves nothing more than the debt collector confirming in writing that the amount being demanded is what the creditor is claiming is owed . . . Consistent with the legislative history, verification is only intended to eliminate the problem of debt collectors dunning the wrong person or attempting to collect debts which the consumer has already paid. There is no concomitant obligation to forward copies of bills or other detailed evidence of the debt.

*Chaudhry v. Gallerizzo*, 174 F.3d 394, 406 (4th Cir. 1999) (internal citations omitted).

Moreover, there is no provision in the statute that verification of the debt must take the form of an affidavit or otherwise be sworn under oath. In providing the verification information, debt collectors do not have duty to independently investigate the validity of debt. They are entitled to rely on creditor's statements to verify debt. *See McCammon v. Bibler, Newman & Reynolds, P.A.*, 515 F. Supp. 2d 1220, 1225 (D. Kan. 2007).

Finally, the plain language of § 1692(g) provides that the debt collector only need cease collection activities until the required information *is mailed* to the consumer. As another Court of Appeals has noted, under the provisions of that section, the law "requires only that a [n]otice be

6

'*sent*' by a debt collector." *Mahon v. Credit Bureau of Placer Cty. Inc.*, 171 F.3d 1197, 1201 (9th Cir. 1999) (emphasis added). In order to comply, "[a] debt collector need not establish *actual receipt* by the debtor." *Id.* (emphasis added).

In the present case, Plaintiff's Complaint makes several allegations with regard to his request for validation of his debt. In paragraph 2, Plaintiff contends that verification was requested and that [verification] was something "which the debt collectors *refused* to do." *Compl.* at ¶ 2. Despite this, Plaintiff does not identify any basis for his contention that any of the Defendants refused verification. Nor has he attached to his Complaint any exhibit which reveals communication of such a refusal by any Defendant.

In paragraph 15, Plaintiff goes on to makes the bald assertion that Defendants "continued to collect an alleged debt without *providing* verified evidence." *Compl.* at ¶ 15. And, in paragraph 56, the Complaint elaborates that "[t]he issue before the court is that the Consumer *never received* verification." *Compl.* at ¶ 56. However, nowhere in the Complaint does Plaintiff contend that Seterus never "sent" or "mailed" verification to Plaintiff as required under the statute.

Further, it should be noted that even if the Complaint did contain such an allegation, absent some explanation as to how Plaintiff would have come to have knowledge of Seterus' mailing practices and history, such an allegation would not be plausible on its face. As it is presently written, the Complaint does not explain how Plaintiff would possibly have any basis to allege *what was or was not mailed* by defendant, Seterus, and it is not apparent that any amendment to the Complaint would likely be able to remedy this deficiency.

Taken in a light most favorable to Plaintiff, the Complaint's allegations, while phrased differently in different paragraphs, can plausibly only be read one way—as assertions that Plaintiff does not believe he *received* the verification of the debt he requested. As section 1962(g) of the

7

FDCPA requires only *mailing* of the verification, not receipt, absent a plausible allegation that the required information was never *mailed*, the Complaint cannot support a viable claim for relief under section 1962(g) of the FDCPA.

   **2. Plaintiff's Own Annexes Undercut the Plausibility of His Allegation that He Failed to Receive Verification of the Debt.**

Even if the FDCPA required receipt (rather than mailing), the plausibility of Plaintiff's allegation that he failed to receive the verification to which he was entitled under the FDCPA, is undercut by Plaintiff's own exhibits. Plaintiff's Annexes A-M clearly reveal that from May of 2015 through 2016, Plaintiff regularly sent and received mail at his Godbey Road address. Despite this, Plaintiff conveniently seems to be asserting that during that same time period, he failed to receive one piece of correspondence—the one required by the FDCPA upon which his claims for relief are based.

Curiously, Plaintiff's initial Complaint does not reference Seterus' June 26, 2015 letter or its enclosures at all. Only after he was served a copy of Seterus' Answer along with a copy of the letter, did Plaintiff file a "Response" in which he attempts to argue that the exhibits to Seterus' Answer (including a copy of the June 26, 2105 letter) are "unauthenticated," "unverified" and "hearsay." [Doc 29] filed, January 23, 2017. With regard to Plaintiff's Response, defendant, Seterus would note the following points.

First, as a threshold matter, Plaintiff's response is *procedurally improper* and therefore should not be considered as part of the present motion. As this Court is aware, generally the Federal Rules do not permit a "response" to an answer. Rule 7, Fed.R.Civ.P. To the extent the Plaintiff wishes to make additional claims or allege additional facts, his remedy is a motion for leave to amend his original complaint pursuant to Rule 15.

8

Second, Plaintiff's Response *does not allege anything new or different* than that which he alleged in his original Complaint with regard to the underlying facts of this matter. The Response is largely a re-hash of Plaintiff's original pleading coupled with Plaintiff's argument about Seterus' Answer and related exhibits. The Response does not allege that Seterus failed to *mail* the letter of June 26, 2015. Nor does the Response identify any purported inaccuracies with regard to the contents of Seterus' exhibits or otherwise explain any basis upon which the Plaintiff might credibly claim that the exhibits are not what Seterus has asserted them to be. Instead, with regard to Seterus' exhibits, the Response only offers conclusory characterizations and labels like "hearsay."

Finally, the Response itself *serves as further confirmation that Plaintiff does in fact regularly receive mail at his Godbey Road address*. Like all of the correspondence contained within Plaintiff's own Annexes, the Response indicates that it was sent by Plaintiff from the Godbey Road address, and it was filed in response to Seterus' Answer which was served on Plaintiff at his Godbey Road address.

In short, Plaintiff's own exhibits and pleadings reveal that during the relevant time period, Plaintiff regularly received mail at his Godbey Road address. Moreover, Seterus has alleged in its Answer that on June 26, 2015, it in fact mailed a verification letter to the Plaintiff at that same address. In light of this, no question of fact on this issue is raised by the pleadings. Plaintiff's bare assertion that he never received verification information mailed to him cannot alone state an FDCPA claim that is plausible on its face. Further, even if *actual receipt* of the verification letter was the standard prescribed by the FDCPA, when viewed in the light of his own exhibits, Plaintiff's self-serving allegations on this point simply defy credibility. As this Circuit has noted previously, "in the event of conflict between the bare allegations of the complaint and any exhibit

9

attached pursuant to Rule 10(c), Fed.R.Civ.P., the exhibit prevails." *Fayetteville Inv'rs v. Commercial Builders, Inc.*, 936 F.2d 1462, 1465 (4th Cir. 1991).

Finally, Seterus asserts that fairly, even a *pro se* plaintiff should not be permitted to sustain his complaint over a motion to dismiss by filing an unauthorized response which merely argues that the assertions in the defendant's pleadings are "unverified" or "hearsay." Such a requirement would turn the initial burden of pleading on its head. As this Court is aware, there is no Federal Rule that requires a defendant to file a "verified" answer, and further, "hearsay" is an evidentiary objection only available to a party whose complaint has stated a valid claim and thereby survived the pleading stage of litigation.

In short, the initial burden in this case is borne by the Plaintiff. With regard to this claim, he must state a plausible allegation that Seterus failed *to mail* the information required under the FDCPA. Simply put, Plaintiff's pleadings do not do this. For this reason and for the other reasons noted above, Plaintiff's claim brought pursuant to section 1692(g) of the FDCPA is properly dismissed with prejudice.

**B. Plaintiff Has Stated No Valid FDCPA Claim with regard to Communications Made by Seterus.**

The Complaint further asserts that Seterus violated sections 1692(c) and 1692(g)(b) of the FDCPA by engaging in certain communications with Plaintiff. *Compl.* at ¶¶ 3, 23, 43, 46. Specifically, the Complaint seems to plead that Seterus' initial letter of April 20, 2015 (and possibly subsequent letters) violated section 1692(c)(a) because prior to sending the letters, Seterus did not first seek out and receive Plaintiff's consent to contact him. *Compl.* at ¶¶ 23, 43. The Complaint goes on to allege that Seterus and the other Defendants violated section 1692(g)(b) when they failed to "cease and desist further collection attempts." *Compl.* at ¶ 46. Plaintiff's

allegations here misapprehend the requirements of the FDCPA and fail to state a claim for relief recognized by law.

First, with regard to section 1962(c)(a), the FDCPA does not provide any general restriction against debt collectors communicating with a consumer regarding a debt without first receiving prior consent. Section 1962(c)(a) provides only that:

> Without the prior consent of the consumer . . . , a debt collector may not communicate with a consumer in connection with the collection of any debt—
>
> **(1)** *at any unusual time or place or a time* or place known or which should be known to be inconvenient to the consumer. . .
>
> **(2)** *if the debt collector knows the consumer is represented by an attorney* . . . ; or
>
> **(3)** *at the consumer's place of employment* if the debt collector knows or has reason to know that the consumer's employer prohibits the consumer from receiving such communication.

15 U.S.C.A. § 1692c(a) (emphasis added).

In the present case, Plaintiff's Complaint makes no allegation regarding any of the circumstances referenced in the statute. In sum, it does not allege any fact that would suggest defendant Seterus attempted to contact Plaintiff at his place of employment or at an unusual time or place. Nor does Plaintiff allege that, at any time relevant to the Complaint, he was represented by an attorney. To the contrary, all correspondence contained within the annexes attached to Plaintiff's Complaint indicate that all communications to Plaintiff were made only via mail sent to his home—the Godbey Road address. All communications from Plaintiff came directly from Plaintiff, himself, from his Godbey Road address and not from an attorney or law firm. *See generally, Compl*. Annex A- Annex M. Thus, the Complaint has failed to allege circumstances

11

that constitute a violation of section 1692(c)(a)'s prohibitions on communication, and these claims are properly dismissed.

Second, 1962(c)(c) does not require a cessation of *all debt collection activities* when a consumer indicates that he wishes not to engage with the debt collector. This section provides in relevant part only the following:

> If a consumer notifies a debt collector in writing that the consumer refuses to pay a debt or that the consumer wishes the debt collector to cease further communication with the consumer, the debt collector shall not communicate further *with the consumer* with respect to such debt, except—
>
> **(1)** to advise the consumer that the debt collector's further efforts are being terminated;
>
> **(2)** to notify the consumer that the debt collector or creditor may invoke specified remedies which are ordinarily invoked by such debt collector or creditor; or
>
> **(3)** where applicable, to notify the consumer that the debt collector or creditor intends to invoke a specified remedy.

15 U.S.C.A. § 1692c (emphasis added). This section of the statute only prohibits additional communications with the consumer that fall outside the three noted exceptions. It explicitly allows the debt collector to invoke other debt collection remedies that are ordinarily invoked by a creditor.[3] In short, the FDCPA allows a consumer the right to elect *not to speak directly* with a debt collector about a debt. It does not, however, permit the consumer to make himself immune from all collection efforts by simply declaring that he disputes the debt and/or refuses to pay.

In this present matter, Plaintiff's Complaint identifies no communication made by or on behalf of Seterus to the Plaintiff in violation of the statute. Generally, on or about September 9,

---

[3] *See also,* 1962(g)(d) which explicitly provides that formal pleading in a civil action are permitted and do not trigger any requirement to verify the debt. 15 U.S.C.A. § 1692(g)(d).

12

2016, Seterus appeared, via the Shapiro law firm, as a claimant in the Plaintiff's bankruptcy case. As counsel for Seterus, Shapiro assisted Seterus in invoking its available remedies under federal bankruptcy law. It communicated with the Plaintiff as required by the rules governing the Plaintiff's Chapter 13 case—providing notices and copies of pleadings in the context of the bankruptcy. *See e.g.* Plaintiff's Annex I, a copy of a Plan Objection served on Plaintiff as required under Rule 2002 of the Federal Rules of Bankruptcy Procedure. Such communications are not prohibited by the FDCPA, and therefore cannot serve as a basis for the Plaintiff's claims.

Lastly, for reasons already articulated under heading "A" of this brief, Plaintiff's attempt to claim that Seterus engaged in communication prohibited by section 1962(g) of the act, cannot be sustained. Under that section, the FDCPA only prohibits further collection activities *until verification of the debt is mailed to the consumer.* Seterus' Answer to the Complaint asserts that this occurred on June 26, 2015. Plaintiff's Complaint did not (and for the reasons indicated above, likely cannot) refute this assertion. Nor has Plaintiff's Complaint identified any debt collection activities on the part of Seterus that took place between May 17, 2015 (the date upon which Plaintiff requested verification) and June 26, 2015 (the date upon which verification of the debt was mailed to the Plaintiff).

In summary, upon mailing of the verification information on June 26, 2015, the FDCPA permitted Seterus to resume all lawful debt collection activity. The Complaint misapprehends the scope of the protections provided under FDCPA sections 1692(c) and (g) and fails to allege any colorable claim of violation.

### C. Plaintiff's Various Other Alleged FDCPA Violations are Conclusory and Unsupported by Allegations of Fact.

Finally, in passing, Plaintiff's Complaint references a number of other sections of the FDCPA including sections 1962(e), (f), (i) and (j). *Compl.* at ¶¶ 45, 46, 50, and 51. Plaintiff

13

generally alleges that "Defendants/Debt Collectors" violated these various sections by engaging in "deceptive, misleading, illegal, abusive and harassing debt collection activities." *Compl.* at ¶ 46. The Complaint goes on to allege that Defendants "designed and compiled deceptive and false communications . . . which were used to mislead and deceive." *Compl.* at ¶ 51. Nowhere in the Complaint does Plaintiff identify: 1) what these activities or communications were; 2) what, if any, of these were purportedly done by Seterus; 3) how any were inaccurate, deceptive, false or misleading; or 4) how any of them otherwise violated any particular provision of the FDCPA.

In other words, Plaintiff's allegations here generally constitute the type of "unadorned, the-defendant-unlawfully-harmed-me accusation" that is insufficient to sustain a claim over a motion to dismiss. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Seterus understands that Plaintiff is proceeding *pro se* in this action and that "[a] document filed *pro se* is to be liberally construed, and . . . must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89-93 (2007). Nevertheless, the Court's duty here does not mean that it must accept a *pro se* plaintiff's baseless contentions as true. *See Denton v. Hernandez*, 504 U.S. 25, 32 (1992). Nor does it "transform the court into an advocate" for the *pro se* litigant. *Weller v. Dep't of Soc. Servs.*, 901 F.2d 387, 391 (4th Cir. 1990).

Ultimately, the pleading requirements under Rule 8(a) of the Federal Rules and case law interpreting the same demand "more than labels and conclusions" for a Complaint to state a viable claim. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). The plaintiff must allege facts that are robust and specific enough to support the causes of action pled. Defendant Seterus respectfully submits that even under the less stringent standard often afforded *pro se* litigants, Plaintiff's Complaint does not allege facts to support a recovery under sections 1962(e), (f), (i) or (j) of the FDCPA. The Complaint, therefore, should properly be dismissed.

## CONCLUSION

For all the foregoing reasons, defendant Seterus, Inc. respectfully requests that this Court enter an order that 1) grants judgement on the pleadings in favor of Seterus; 2) dismisses Plaintiff's Complaint as to Seterus with prejudice; and 3) provides all other and/or further relief as justice requires.  Respectfully submitted this 28th day of February, 2017.

**McGUIREWOODS LLP**

*/s/ David R. DiMatteo*
David R. DiMatteo, N.C. State Bar No. 35254
**McGuireWoods LLP**
201 North Tryon Street, Suite 3000
Charlotte, NC 28202
Telephone: (704) 343-2161
Facsimile: (704) 805-5061
Email: ddimatteo@mcguirewoods.com

*Counsel for Defendant*
*Seterus, Inc.*

# CERTIFICATE OF SERVICE

This is to certify that the undersigned has on this 28<u>th</u> day of February, 2017, electronically filed the foregoing **Brief in Support of Defendant Seterus, Inc.'s Motion for Judgement on the Pleadings** with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to the following CM/ECF participants:

Jason K. Purser
Shapiro & Ingle, LLP
10130 Perimeter Parkway, Suite 400
Charlotte, NC 28216
*Attorneys for Defendants Shapiro & Ingle, LLP, Michael Jay Emrey and Kyle Stewart*

Lacey M. Moore
Hutchens, Senter, Kellam & Pettit, P.A.
6230 Fairview Road, Suite 315
Charlotte, NC 28210
*Attorneys for Defendants Substitute Trustee Services, Inc., Hutchens Law Firm, LP, Lacey M. Moore, Christopher T. Salyer, and Shiann Schmidt*

Additionally, I hereby certify that a copy of the foregoing **Brief in Support of Defendant Seterus, Inc.'s Motion for Judgement on the Pleadings** was served upon Plaintiff by depositing a copy thereof in the custody of the United States Postal Service, first-class postage prepaid, addressed to:

Michael J. Garvey
330 Walter Godbey Road
West Jefferson, NC 28694
*Pro Se Plaintiff*


    */s/ David R. DiMatteo*
    David R. DiMatteo