IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
STATESVILLE DIVISION
5:16CV209-GCM

| | |
|---|---|
| MICHAEL J. GARVEY, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | ORDER |
| ) | |
| SETERUS, INC., *et al.*, ) | |
| ) | |
| Defendants. ) | |

This matter is before the Court upon Defendant Seterus, Inc.'s Second Motion for Judgment on the Pleadings, filed July 27, 2017.[1] The *pro se* Plaintiff has filed a response. (Doc. No. 43). This matter is now ripe for disposition.

The factual background of this case is described in detail in the Court's Order of June 23, 2017 (Doc. No. 37) and will not be repeated herein. In that Order, the Court granted all other Defendants' motions to dismiss. Seterus is the only remaining Defendant and now seeks judgment on the pleadings. In his Complaint, Plaintiff attempts to bring claims against Seterus as loan servicer in connection with attempts to collect a mortgage loan. With regard to Seterus, the Complaint attempts to allege the following violations of the Fair Debt Collection Practices Act 15 U.S.C. §§ 1692 *et. seq.* ("FDCPA"):

1) Seterus failed to provide written verification of the debt it was attempting to collect (15 U.S.C. § 1692(g)) Compl. at ¶¶ 2, 15, 21, and 56;

2) Seterus communicated with Plaintiff without his consent (15 U.S.C. § 1692(c))

---

[1] Defendant's first motion was denied without prejudice as premature in the Court's Order of June 23, 2017. The Order authorized Seterus to refile its Motion for Judgment on the Pleadings upon issuance of the Order.

1

Compl. at ¶ 23;

3) Upon Plaintiff's demand, Seterus failed to cease and desist its attempts to collect the debt (15 U.S.C. § 1692(g)) Compl. at ¶¶ 3, 46; and

4) Seterus, along with the other Defendants, otherwise used false, misleading, unfair or deceptive practices in their attempts to collect the debt (15 U.S.C. §§ 1692(e), (f), (i) and (j)). Compl. at ¶¶ 46, 51.

The gravamen of Plaintiff's allegations appears to be that Seterus violated the FDCPA because 1) Plaintiff failed to receive "verification" for a mortgage debt Seterus sought to collect; and 2) then despite this, Seterus attempted to collect the debt and foreclose upon related collateral—real property located at the Godbey Road address. Plaintiff's exhibits (Annexes A-M) indicate that Plaintiff repeatedly sent correspondence from the Godbey Road address to Seterus and the other Defendants in an attempt to put them on notice of the alleged violations. Moreover, several exhibits (for example, Annex I, which contains the Objection to Plan Confirmation with regard to Plaintiff's bankruptcy plan) plainly indicate that at times relevant to the Complaint, Plaintiff also was in fact receiving mail sent to him at his Godbey Road address.

Via its Answer to the Complaint, Seterus has denied Plaintiff's allegations that Seterus violated the FDCPA. Seterus admits that on or about May 17, 2015, Plaintiff requested, via letter, that Seterus verify the mortgage debt. Answer [Doc 24] at ¶¶ 2, 15. Seterus' Answer illustrates, however, that in response to Plaintiff's letter, Seterus sent to Plaintiff all verification information regarding the mortgage debt required by law. Answer at ¶¶ 2, 25. Attached to Seterus' Answer as exhibits "A" and "B," respectively, are copies of letters Seterus sent to Plaintiff on June 5, 2015 and June 26, 2015 in response to Plaintiff's request for verification of

2

the debt. Each is addressed to the Plaintiff at his Godbey Road address. The June 26, 2015 correspondence included the name and address of Plaintiff's original creditor, and enclosed copies of the promissory note and deed of trust executed by Plaintiff, as well as a copy of the assignment of the mortgage and a complete payment history for the debt in question.

Plaintiff's Complaint makes no competing allegation concerning these correspondences. In fact, it does not reference them at all. Nor does it attach either as part of any Annex. Further, the Complaint does not allege that Seterus engaged in any collection activity during the time period prohibited by the FDCPA—i.e. the time between when Plaintiff sent his request for verification on or about May 17, 2015, and when Seterus mailed its verification letter on or about June 26, 2015.

"Under Rule 12(c) of the Federal Rules of Civil Procedure, 'a party is entitled to a judgment on the pleadings when no genuine issues of material fact exist, and the case can be decided as a matter of law.' The Court considers both the Complaint and Answer." *Unitrin Auto & Home Ins. Co. v. Siarris*, No. 3:14-CV-50, 2015 WL 457630, at *2 (W.D.N.C. Feb. 3, 2015), *aff'd*, 615 F. App'x 164 (4th Cir. 2015) (internal citations omitted). "In order to survive a Rule 12(c) motion, 'a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face.'" *Deerborne Cottages, LLC v. First Bank*, No. 1:11CV178, 2012 WL 4363742, at *2 (W.D.N.C. Sept. 24, 2012) (citing *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "To be 'plausible on its face,' a plaintiff must demonstrate more than 'a sheer possibility that a defendant has acted unlawfully.'" Id.

In its review of the pleadings, the Court "is not required to assume the truth of 'bare legal conclusions.'" *Id*. (citing *Aziz v. Alcolac, Inc*., 658 F.3d 388, 391 (4th Cir.2011)). "'The mere recital of elements of a cause of action, supported only by conclusory statements, is not

3

sufficient.'" *Id.* (citing *Walters v. McMahen*, 684 F.3d 435, 439 (4th Cir.2012)). Nor must the Court give credence to "unwarranted inferences, unreasonable conclusions, or arguments." *Glassman v. Arlington County*, 628 F.3d 140, 146 (4th Cir. 2010) (citation omitted).

In deciding a 12(c) motion, "[d]ocuments attached to the pleadings may be considered by the Court when the parties do not dispute the authenticity of the documents." *Unitrin,* 2015 WL 457630, at *2. "A copy of a written instrument that is an exhibit to a pleading is a part of the pleading for all purposes." Fed. R. Civ. P. 10(c). "[I]n the event of conflict between the bare allegations of the complaint and any exhibit attached pursuant to Rule 10(c), Fed.R. Civ. P. the exhibit prevails." *Fayetteville Inv'rs v. Commercial Builders, Inc.*, 936 F.2d 1462, 1465 (4th Cir. 1991).

Taken in a light most favorable to Plaintiff, the Complaint and exhibits, along with the Answer reveal no actionable claim upon which relief can be granted. Plaintiff's Complaint does not allege that Seterus failed to *mail* verification of the debt to Plaintiff, and Plaintiff's own exhibits suggest that Plaintiff's allegation that he failed to *receive* the required verification is not plausible. Moreover, Seterus' Answer and attached exhibits reveal that the proper verification of the debt was mailed to Plaintiff at his home address within one month of the date Plaintiff requested verification. Thus, no possible violation of section 1962(g) of the FDCPA is presented by the pleadings in this matter.

With regard to FDCPA sections 1962(c) and 1962(g), the Plaintiff has failed to allege any circumstance under which any communication made by Seterus to Plaintiff was prohibited by law. Plaintiff's various other claims of FDCPA violations are conclusory and unsupported by allegations of fact. The Complaint references a number of other sections of the FDCPA including sections 1962(e), (f), (i) and (j), but it is devoid of any explanation of: a) what activities or

communications implicate these sections of the statute; b) what, if any, activities were purportedly done by Seterus; or c) how any of them violated any particular provision of the FDCPA. Accordingly,

IT IS THEREFORE ORDERED that Seterus's Second Motion for Judgment on the Pleadings is hereby GRANTED, and Plaintiff's Complaint is dismissed with prejudice.

Signed: October 18, 2017

Graham C. Mullen
United States District Judge